UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 09-42894

MATHSON INDUSTRIES, INC.,  Chapter 7

        Debtor.  Judge Thomas J. Tucker
_____/

**OPINION AND *SECOND* ORDER WITH RESPECT TO
FIRST INTERIM FEE APPLICATION OF JACOB & WEINGARTEN
FOR SERVICES RENDERED AS COUNSEL TO THE CHAPTER 7 TRUSTEE**

This case is before the Court on the First Interim Fee Application Of Jacob & Weingarten For Services Rendered As Counsel To The Chapter 7 Trustee (Docket # 126, the "Application"). In the Application, Jacob & Weingarten requested fees in the amount of $310,401.00 for services rendered from February 4, 2009 through August 31, 2009 and reimbursement of expenses in the amount of $11,446.59. Objections to the Application were filed by Thomas Lozser and by Negri Bossi USA, Inc. The Court held a hearing (the "Hearing") on the Application on October 21, 2009. On October 23, 2009, the Court entered an Order (Docket # 149) granting the Application in part and denying it in part, and in part, taking the Application under advisement.

The October 23 Order awarded interim fees of $275,993.50 and reimbursement of expenses of $11,446.59. The Order described the part of the Application that was taken under advisement, as follows:

> With respect to the objections to the Application filed by Negri Bossi USA, Inc.: (1) the Court has taking under advisement the $34,270 in requested fees which were objected to on the basis that they were for excessive and unnecessary intra-office conferences (and the Court will hereafter issue an order addressing such requested fees and the objection thereto).

This Opinion and Order addresses this unresolved category of objections.

After the October 21 hearing, the Court reviewed all of the time entries in the Application to which this unresolved objection applies,[1] and further considered the arguments of the parties.

As the parties have discussed, and as the Court noted during the October 21 hearing, this Court has previously held the following about intra-office conferences:

> There is no per se prohibition against awarding compensation for intra-office conferences. Bankruptcy courts generally allow fees related to conferences between attorneys of the fee applicant's firm if (1) the fee application contains "'sufficient information to permit the court to evaluate the necessity of the service provided, the reasonableness of the time spent on the service, and the reasonableness of the fee charged for the service - - including the need for a conference,'" and (2) the court finds that such conferences were necessary and benefitted the estate. *In re Poseidon Pools of America, Inc.*, 180 B.R. 718, 731 (Bankr. E.D.N.Y. 1995) (quoting *In re Office Products of America*, 136 B.R. 964, 976-77 (Bankr. W.D. Tex. 1992)); *see also In re Almacs, Inc.*, 178 B.R. 598, 605-606 (Bankr. D.R.I. 1995); *In re Bass*, 227 B.R. 103, 109 (Bankr. E.D. Mich. 1998).

*In re Moss*, 320 B.R. 143, 158 (Bankr. E.D. Mich. 2005).

The Court finds that all of the time entries relating to the intra-office conferences at issue in this case do contain sufficient information for the Court to determine that they were necessary and beneficial to the estate and to the administration of the bankruptcy case. The entries identify the attorneys involved in each conference, and give a sufficiently specific description of the issue(s) discussed in the conference. And the time spent in each conference was minimal and reasonable. The Court finds that all entries in this category of time entries in the Application are reasonable under the circumstances. For these reasons, Negri Bossi's objection must be

---

[1] The fee application time entries at issue are listed in Negri Bossi's objection (Docket # 140) at pp. 3-14.

overruled in its entirety.

In so ruling, the Court is mindful of the following considerations. This bankruptcy case, and the adversary proceeding that the Trustee has prosecuted against Negri Bossi, have been demanding and time-consuming matters involving many complex and challenging issues, with millions of dollars at stake. They have required that a significant amount of work be done, often on an expedited basis. Trustee's lead counsel had to have help from at least two other attorneys in his firm on these matters (primarily, one other attorney,) and it was necessary for lead counsel to supervise and coordinate the work of his co-counsel. It was also necessary for all counsel involved to remain informed of the ongoing work and developments in the case and in the adversary proceeding. Under these circumstances, the Court concludes that the intra-office conferences among Trustee's counsel were reasonable and necessary to the efficient and effective prosecution of the bankruptcy case and the adversary proceeding. And to date, the *results* of Trustee counsel's work on behalf of the bankruptcy estate have been excellent.

For these reasons,

**IT IS ORDERED** that:

1. The unresolved objections to the Application filed by Negri Bossi USA, Inc., regarding the $34,270 in requested fees objected to on the basis that they were for excessive and unnecessary intra-office conferences, are overruled in their entirety.

2. Jacob & Weingarten, counsel for the Chapter 7 Trustee, is awarded additional[2] interim fees in the amount of $34,270.00 for legal services rendered as attorneys to the Chapter 7 Trustee

---

[2] The interim fees awarded by this Order are in addition to the fees and expenses awarded by the October 23, 2009 Order (Docket # 149).

from February 4, 2009 through August 31, 2009.

**Signed on November 10, 2009**           /s/ Thomas J. Tucker           
                                          **Thomas J. Tucker**
                                          **United States Bankruptcy Judge**